IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Julie Elvers, as Personal Representative of the Estate of Catherine J. Harris, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.:  9:21-cv-217-BHH |
| v. | ) ) | COMPLAINT |
| Cleland Site Prep, Inc., | ) ) ) | (Jury Trial Requested) |
| Defendant. | ) ) | |

Plaintiff Julie Elvers, as Personal Representative of the Estate of Catherine J. Harris, hereby complains of Defendant Cleland Site Prep, Inc., as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. This is a civil action for damages arising out of a vehicle-bicycle collision that occurred on March 21, 2019, on Hilton Head Island, South Carolina.

2. Plaintiff Julie Elvers is domiciled in and a citizen of the State of Nebraska, and she has been duly appointed by the Probate Court for Chippewa County, Michigan, as the personal representative of her deceased sister, Catherine J. Harris ("Cathy").

3. At the time of her death, Cathy was domiciled in and a citizen of the State of Michigan.

4. Defendant Cleland Site Prep, Inc., is a corporation that is incorporated in South Carolina and maintains its principal place of business in Jasper County, South Carolina.

5. The Court has personal jurisdiction over Defendant, as Defendant is domiciled in South Carolina.

6. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1332(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Beaufort Division because a substantial part of the acts and omissions giving rise to this claim occurred in the Division, and Defendant does business related to this incident within the Division.

**FACTS**

8. On March 21, 2019, Cathy was lawfully riding a bicycle on the bike path running parallel to Plantation Drive on Hilton Head Island.

9. Plantation Drive is a two-lane road running eastbound and westbound, and Calibogue Cay Road, which is a two-lane road running northbound and southbound, runs perpendicular into Plantation Drive to form a T-intersection.

10. At the intersection, Cathy planned to turn left and leave the bike path, cross Plantation Drive, and cycle northbound on Calibogue Cay Road.

11. At the same time, Defendant's employee, Nathaniel Smalls, was driving Defendant's dump truck southbound on Calibogue Cay Road when he stopped at the intersection with a plan to turn left onto Plantation Drive eastbound.

12. Cathy started to cross Plantation Drive on her bicycle, and at approximately the same time Mr. Smalls started his left turn onto Plantation Drive.

13. Cathy was able to safely cross the eastbound lane of Plantation Drive, but instead of driving into the eastbound lane of Plantation Drive as he was supposed to, Mr. Smalls

improperly entered the westbound lane where Cathy was finishing her cross and struck her with the truck, knocking her to the ground.

14.     Mr. Smalls continued traveling in the wrong direction down the westbound lane of Plantation Drive, dragging Cathy along the pavement until the truck came to rest.

15.     After suffering severe physical and mental pain and suffering, Cathy died as a result of the collision.

16.     At the time of the collision, Mr. Smalls was acting in the course, scope, and furtherance of his employment with Defendant Cleland Site Prep, Inc.

## **FIRST CAUSE OF ACTION**
(Wrongful Death)

17.     Defendant and its employee, Mr. Smalls, owed a duty to Cathy to operate the dump truck in a safe, reasonable, and lawful manner.

18.     Defendant's employee breached the duty to use due care or even slight care in operating his vehicle, and he was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

  a. failing to maintain proper control of his vehicle;

  b. failing to keep a proper lookout;

  c. failing to yield, in violation of S.C. Code § 56-5-2320 and -2330;

  d. entering the wrong lane;

  e. driving too fast for conditions, in violation of S.C. Code § 56-5-1520;

  f. driving while inattentive and distracted;

  g. failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

  h. acting with conscious disregard for the safety of others, including Cathy, in violation of S.C. Code § 56-5-2920; and

3

      i. committing such other and further acts and omissions as discovery may reveal and the evidence at trial may show.

19. Defendant is vicariously liable for all acts and omissions of its employee pursuant to the doctrine of *respondeat superior*.

20. The acts and omissions of Defendant's employee were the direct and proximate cause of Cathy's wrongful death.

21. As a direct and proximate cause of Defendant's negligence, negligence *per se*, gross negligence, recklessness, willfulness, and/or wantonness, Cathy's statutory beneficiaries have forever lost the comfort, society, and companionship of Cathy; have and will continue to suffer mental shock and suffering, wounded feelings, grief, and sorrow; and have incurred pecuniary loss for funeral expenses.

22. Plaintiff is entitled to recover, on behalf of Cathy's statutory beneficiaries, all actual, consequential, and incidental damages for wrongful death against Defendant.

23. Plaintiff is also entitled to an award of punitive damages against Defendant.

24. Plaintiff is also entitled to an award of prejudgment interest on pecuniary losses against Defendant.

## SECOND CAUSE OF ACTION
(Survival)

25. As a direct and proximate cause of Defendant's negligence, negligence *per se*, gross negligence, recklessness, willfulness, and/or wantonness, Cathy was forced to endure severe conscious physical and mental pain and suffering before her death.

26. On behalf of Cathy's Estate, Plaintiff is entitled to recover all actual, consequential, and incidental damages for survival against Defendant.

27. Plaintiff is also entitled to an award of punitive damages against Defendant.

WHEREFORE, having fully pleaded against Defendant, Plaintiff respectfully prays that the Court enter judgment against Defendant for all actual, consequential, and incidental damages caused by Defendant's acts and omissions; for punitive damages; for prejudgment interest; for the costs of this action; and for such other and additional relief as the Court deems just and proper.

Respectfully submitted,

**YARBOROUGH APPLEGATE LLC**

*s/ David B. Yarborough, Jr.*
David B. Yarborough, Jr. (I.D. No. 7336)
Reynolds H. Blankenship, Jr. (I.D. No. 9886)
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
reynolds@yarboroughapplegate.com

*Attorneys for Plaintiff*